In the matter of the appeal from the decree of the orphans court of the county of Atlantic admitting to probate certain paper writings as the last will and testament and codicil of GEORGE T. LIPPINCOTT, deceased.

[Submitted January 7th, 1923.  Determined January 31st, 1923.]

**Will—Probate—Identity of Will Referred to in Codicil— Evidence of.**

On appeal from a decree of the orphans court.

*Mr. William Early,* for Agnes May Lippincott, appellant.

*Messrs. McCarter & English,* for Mercedes L. MacMahon and Hellen M. Villa, appellants.

*Mr. Clarence L. Cole* (with whom was associated *Mr. Maurice B. Saul,* of the Philadelphia bar), for Margaret B. W. Bartlett, respondent.

*Mr. Thomas L. Gaskill,* for Henry C. Lippincott and Mary L. Mathews.

LEAMING, VICE-ORDINARY.

The essential facts are sufficiently outlined in the opinion filed in the orphans court.

While the arguments have taken a wide range it is apparent that the single inquiry here involved is purely a question of identity.  Is the will which has been presented the will to which testator referred in the codicil which he subsequently executed?

When executed this will was by testator placed in the custody of his attorney for safekeeping.  As late as 1915 testator gave directions to his attorney touching this will that fully recognized it as his last will at that time.  Two years later, and while this will was still in the attorney's custody as tes-

tator's will, the codicil now offered for probate was executed, and in like manner by testator was placed in the custody of the same attorney with the specific direction on the part of testator that it be placed with the will then in the attorney's custody. These directions of testator were faithfully complied with on the part of the attorney, and after testator's death the will and codicil were produced by the attorney in the envelope in which the attorney had kept them. The testimony of the attorney, which cannot be properly doubted, is that "Mr. Lippincott [testator] handed me that codicil and asked me to place it with the will which I had of his in my strong box in the Atlantic Safe Deposit and Trust Company. I did that, and it remained there, together with the will, until Mr. Lippincott's death, when I removed the two which were in the envelope and which papers I handed to the surrogate."

It is difficult to conceive how testator could have more forcefully identified this will as the will to which the codicil referred. A reference in a codicil to the date of the will ordinarily might afford a more satisfactory identification, but it is far from clear that an erroneous reference to the date of the will would not be fully overcome by acts of a testator of the nature above narrated, in the absence of satisfactory evidence that any other will had at any time been executed by testator.

Little assistance is to be found in adjudicated cases in which the effort is to identify which of several instruments, either existing or known to have existed, a codicil may refer to. Here diligent search has found no other will, and the codicil was with this will, and it is not known that testator ever executed any other will, and it is known that testator not only ordered this codicil kept with this will, but also intended that it should be kept with this will as its codicil, since no other sane purpose could have existed. Is this manifest and unmistakable intent upon the part of testator to be overthrown by the circumstance that certain provisions of the codicil do not harmonize with this will? It is by no means unusual for provisions contained in a single will to conflict and disclose in one part of a will a misapprehension on the part of testator of other provisions in the same will, and the

same is equally true of the provisions of a will and its undoubted codicil. It is clear that this testator did not intend to make his deceased wife his executrix; but at the time he made the codicil he may well have had in mind that some other person was named in his will as his executor. To exclude from probate an adequately executed codicil which testator is known to have caused to be placed with his will as its codicil, which will also had been adequately executed, upon the assumption that it refers to another will, or does not refer to the will with which it was deposited as a codicil, when it is not known that another will ever existed, the evidence of the truth of that assumption should, in my judgment, be strong enough to enable a probate court to say with positiveness and certainty that the codicil was not intended by testator to refer to that will, and this, I think, is equally true whether such evidences are from the language of the codicil or from matters external. In this case the established history of this will and codicil so clearly discloses testator's intent that the latter was to go with and form a part of the former that the burden of overthrowing that intent as manifest from testator's acts has been cast upon appellants; that burden they have not sustained.

A decree will be advised confirming the decree of the orphans court.